UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                            Case No. 17-cv-113-pp

MARIO ESQUIVEL SOTELO,

    Defendant.

**ORDER REQUESTING ADDITIONAL INFORMATION REGARDING DEFENDANT'S REQUEST TO PROCEED TO SENTENCING VIA VIDEOCONFERENCING (DKT. NO. 711)**

The parties filed an executed plea agreement on April 16, 2019, dkt. no. 413, and Magistrate Judge David Jones presided over a change-of-plea hearing on April 26, 2019, dkt. no. 437. Judge Jones recommended that the district court accept the defendant's guilty plea, dkt. no. 438, and the district court adopted that recommendation on May 13, 2019, dkt. no. 475.

After the case was reassigned to this court, the court scheduled the sentencing hearing for March 31, 2020. July 18, 2019 Notice of Hearing. On March 17, 2020, however, the court continued the sentencing hearing indefinitely under General Order 20-2 Regarding COVID-19 Virus Public Emergency. Dkt. No. 691.

On March 27, 2020, the President signed into law the CARES Act, H.R. 748. Section 15002(b)(2) of the act allows a federal court to conduct a sentencing hearing via videoconferencing if (a) the defendant consents and (b)

1

the district judge in a particular case finds, for specific reasons, that a felony sentencing in that case cannot be further delayed without serious harm to the interests of justice. See General Order 20-6, E.D. Wisconsin, available at https://www.wied.uscourts.gov/sites/wied/files/documents/20-6_Order_ Authorizing_Video_and_Teleconference_Under_CARES_Act.pdf.

On April 30, 2020, the court received a letter from the defendant's lawyer, asking the court to schedule a date and time to conduct the defendant's sentencing hearing via videoconference, and indicating that the government did not object. Dkt. No. 711. Defense counsel stated that the defendant will have been incarcerated at the Kenosha County Detention Center for three years as of October 2020 and "would like to leave there." Id.

This court is ready and willing to accommodate requests to conduct sentencing hearings via videoconference. But given that the defendant's stated reason for seeking a video sentencing is his desire to leave the Kenosha County Detention Center, the court wants to make sure that the parties understand the realities of the current situation before the court's staff begins to contact the parties (including probation and an interpreter) to schedule a video sentencing.

On Thursday, April 20, 2020, the Kenosha County Sheriff's Department announced that seventy-nine inmates and five staff members at the Kenosha County Jail had tested positive for COVID-19. Inmates who tested positive have been placed in isolation dorms, and positive staff members have been quarantined. https://www.jsonline.com/story/news/2020/04/30/

coronavirus-wisconsin-latest-updates-cases-cancellations/3054553001/. In the last couple of weeks, the court has heard from defense counsel whose clients were sentenced before the COVID-19 outbreak but still have not been moved from local jails to Bureau of Prisons facilities. The court also has heard from the U.S. Marshal Service that its transport service was shut down for a time to help contain the spread of the virus. The court does not know whether the transport is back up and running or whether it is transporting defendants from facilities with confirmed COVID-19 cases. The USMS also indicated that once the transport resumes, the USMS will have a backlog of inmates to move, and may not be able to transport with the same frequency as before the outbreak of the virus. The Bureau of Prisons—which has seen surges in confirmed cases of COVID-19 (see, e.g., https://www.pbs.org/newshour/nation/over-70-of-tested-inmates-in-federal-prisons-have-covid-19?utm_source=The+Marshall+Project+Newsletter&utm_campaign=99c8b24032-EMAIL_CAMPAIGN_2020_04_30_11_44&utm_medium=email&utm_term=0_5e02cdad9d-99c8b24032-174470977)—has modified its procedures; it is screening all newly-arriving inmates, quarantining asymptomatic new arrivals with exposure risk factors and isolating and testing symptomatic inmates with exposure risk factors. https://www.bop.gov/coronavirus/covid19_status.jsp.

  All of this is to say that while the court is ready and willing to schedule a video sentencing for the defendant, it cannot guarantee that doing so will result in the defendant immediately being moved from KCDC to a Bureau of Prisons facility or being removed to a BOP facility in the near future. Nor can it

guarantee that the defendant will not be moved to a facility with confirmed cases of the virus.

The court **ORDERS** that before its staff begins arranging for a video sentencing hearing, defense counsel notify the court by letter whether it remains the defendant's desire to proceed with sentencing via videoconference. If defense counsel indicates that the defendant still wishes to proceed with a video sentencing, the court's staff will immediately begin arrangements for that hearing.

Dated in Milwaukee, Wisconsin this 1st day of May, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**